UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TEDDY LEON PARKER, #1087440,

        Petitioner,

v.                                              ACTION NO. 2:20cv533

HAROLD W. CLARKE,
The Director of the Virginia
Department of Corrections,

        Respondent.

### UNITED STATES MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

This matter is before the Court on Teddy Leon Parker's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the motion to dismiss filed by respondent Harold W. Clarke, Director of the Virginia Department of Corrections ("respondent"). This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 14, be **GRANTED,** and the petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I.    STATEMENT OF THE CASE

In his *pro se* petition pursuant to 28 U.S.C. § 2254, petitioner Teddy Leon Parker ("Parker") alleges his federal rights were violated when he was convicted, following a bench trial in the Circuit Court of Newport News on August 25, 2015, of one count of possession of cocaine, in

violation of Virginia Code § 18.2-250, and one count of possession of marijuana, in violation of Virginia Code § 18.2-250.1. ECF No. 1, at 1; *Commonwealth v. Parker*, Nos. CR15C00229-00 and CR15000305-00 (Va. Cir. Ct. Aug. 25, 2015). Parker was sentenced to ten years in prison, with five years suspended, on September 8, 2017. ECF No. 1, at 1.

The Court of Appeals of Virginia denied Parker's petition for appeal and affirmed his conviction on November 20, 2018. *Id.* at 2; *Parker v. Commonwealth*, No. 1488-17-1, at 151–57 (Va. Ct. App. Nov. 20, 2018) ("VCA R.").[1] The Court of Appeals of Virginia summarized the trial evidence as follows:

> At 3:30 a.m. on August 3, 2014, Officers J.T. Rosario and Ramon Quinones ("officers") of the Newport News Police Department were on patrol in the City of Newport News. As the officers approached an intersection, they noticed a white sedan in front of them accelerate and turn left, running a red light. The officers turned on their sirens, followed, and observed the sedan run another red light as it turned left again. After driving more than a block, the sedan ran up on the curb and into the yard of an apartment. Appellant opened the door and fled on foot. The officers left both vehicles unattended and chased appellant on foot, arresting him in a nearby apartment. After detaining appellant, the officers discovered he had an outstanding warrant. They also determined that appellant was not the registered owner of the vehicle.
>
> As appellant was being arrested, Officer J.G. Stephens ("Stephens"), of the Newport News Police Department, arrived at the scene of the abandoned sedan. Stephens approached the vehicle and, using a flashlight in the rainy pre-dawn darkness, observed a partially open plastic grocery bag "in plain view" on the passenger's seat. Through the partially open top of the bag, Stephens observed what he believed to be marijuana and a white powdery substance inside. Stephens collected the bag and its contents, and submitted them to the police laboratory for testing.

VCA R. at 152–53.

After the Court of Appeals of Virginia affirmed his conviction, Parker appealed to the Supreme Court of Virginia, and the court refused his appeal on May 31, 2019. *Parker v.*

---

[1] "VCA R." refers to the record of Parker's appeal to the Court of Appeals of Virginia, *Parker v. Commonwealth*, Record No. 1488-17-1, received on August 30, 2021. The record consists of a file containing documents consecutively paginated from 1 through 167.

2

*Commonwealth*, No. 181656, at 14–27 (Va. May 31, 2019) ("SCV R.").[2]

On October 3, 2019, Parker filed a *pro se* petition for a writ of habeas corpus in the Supreme Court of Virginia, which the court refused on December 20, 2019, stating that "a petition for a writ of habeas corpus may not be employed as a substitute for an appeal." ECF No. 16, at 2; SCV R. at 1–13.

Parker timely filed his federal petition for a writ of habeas corpus on October 29, 2020. ECF No. 1. In his sole ground for relief, Parker asserts that he is wrongfully incarcerated because the evidence, considered in the trial court, was insufficient to prove that he was aware of the presence and character of the controlled substances. ECF No. 1, at 17.

On March 15, 2021, the respondent filed an answer to the petition, pursuant to Rule 5 of the Rules Governing Section 2254 cases in the United States District Courts, and a motion to dismiss the petition, along with a supporting memorandum. ECF Nos. 13–16. Parker then filed a response to the motion to dismiss on March 31, 2021. ECF No. 17.

## II.   ANALYSIS

**A.   A deferential standard of review applies to claims adjudicated on the merits in state court.**

Parker exhausted his state court remedies by raising his claim on direct appeal to the Supreme Court of Virginia. When a claim has been properly exhausted and adjudicated on the merits in state court, this Court assesses the state court adjudication pursuant to 28 U.S.C. § 2254(d), rather than reviewing the merits of such a claim *de novo*. Section 2254(d) provides that

---

[2] "SCV R." refers to the record of Parker's direct appeal to the Supreme Court of Virginia (*Parker v. Commonwealth*, Record No. 181656) and his state petition for a writ of habeas corpus (*Parker v. Clarke*, Record No. 191305), received on September 8, 2021. The record consists of a file containing documents consecutively paginated from 1 through 40. Pages 1 through 13 pertain to the petition for a writ of habeas corpus, and the remaining pages concern his direct appeal.

a federal court may not grant relief on any claim that was adjudicated on its merits in state court, unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

A state court decision is "contrary to" clearly established federal law when a state court applies a rule different from the governing law articulated by the United States Supreme Court or arrives at a conclusion opposite that of the Supreme Court on materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 404–06 (2000)). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. *Williams*, 529 U.S. at 413 (O'Connor, J., concurring); *see Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that the "application of clearly established law must be objectively unreasonable," rather than simply "incorrect or erroneous"). Stated differently, a "prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

"For a state court's factual determination to be unreasonable under [section] 2254(d)(2), it must be more than merely incorrect or erroneous. It must be sufficiently against the weight of the evidence that it is objectively unreasonable." *Winston v. Kelly*, 592 F.3d 535, 554 (4th Cir. 2010) (internal citation omitted). Pursuant to this deferential standard of review, "state-court judgments

must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 389.

Essential to the Fourteenth Amendment right to due process is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). Pursuant to *Jackson*, a federal court reviewing a habeas petition asserting insufficient evidence asks "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319; *see also Coleman v. Johnson*, 566 U.S. 650, 651 (2012).

Ultimately, habeas petitions that raise sufficiency of the evidence claims "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, 'it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.'" *Coleman*, 566 U.S. at 651 (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam)). "And second, 'on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable.'" *Id.* (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)). The reviewing federal court, "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear on the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326.

**B.      Parker is not entitled to habeas relief on his insufficient evidence claim, which was addressed on the merits by the state court.**

As his sole ground for federal habeas review, Parker asserts that the evidence, his occupation of the car and proximity to the drugs on the front seat, was insufficient to prove that he was aware of the presence and character of the controlled substances. ECF No. 1, at 5, 17. Parker claims that he borrowed the car and failed to see the drugs (which had already been placed in the car) because they were concealed in an opaque grocery bag and because it was dark outside and raining. *Id.* at 18–19. He also contests that the drugs were in plain sight, arguing that the police officer would not have been able to see them through the partial opening of the bag had he not used his flashlight. *Id.*[3]

Parker raised his insufficient evidence of possession claim at trial, to the Court of Appeals of Virginia and the Supreme Court of Virginia on direct appeal, and to the Supreme Court of Virginia in a petition for a writ of habeas corpus. In support of his motion to strike at trial, Parker spoke to the dark environment, the opacity of the plastic bag, the fact that he was driving someone else's car, and his outstanding warrants that plausibly could have prompted his flight from the officers. VCA R. at 100–01. Ultimately, he argued that the "evidence [was] insufficient to prove that he had knowledge of the presence and the nature of what was sitting next to him on the passenger seat given the totality of the evidence." *Id.* at 101. The motion was denied. *Id.* at 102. Parker did not present any evidence of his own at trial, then renewed the motion to strike, which

---

[3] Although Parker makes this assertion to support his insufficiency of the evidence claim, his argument bears a resemblance to a claim of unconstitutional search under the Fourth Amendment. To the extent Parker is attempting to raise such a claim, it is not cognizable on habeas review. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

6

was again denied. *Id.* [4]

On appeal to the Court of Appeals of Virginia, Parker asserted that "[t]he trial court erred in denying the motion to strike because the evidence was insufficient to prove that [he] was aware of the presence and character of the controlled substance." *Id.* at 6. Parker again referenced the poor visibility, the opacity of the plastic bag containing the drugs, and his outstanding arrest warrants. *Id.* at 13. The Court of Appeals of Virginia denied the petition for appeal in a *per curiam* decision, stating:

> Appellant ignored the police officers' signals, then abandoned the vehicle to avoid contact with them. In addition, appellant was the driver and sole occupant of the car where the drugs were found. The bag containing the drugs was plainly visible on the front passenger seat of the car. The fact finder can consider the open visibility of the drugs and the defendant's occupancy of the place where the drugs were found. Even though the car was not registered to the appellant, the vehicle and its contents were subject to the appellant's dominion and control. The facts and circumstances thus were sufficient for a reasonable finder of fact to conclude beyond a reasonable doubt that the appellant was aware of the presence of the drugs, that they were subject to his dominion and control, and that he was guilty of the charged offenses.

VCA R. at 28 (quotations and citations omitted).

Parker then moved for consideration of his appeal by a three-judge panel, arguing the drugs were not "plainly visible" because they were located inside a grocery bag in a dark car and could only be detected with the use of an officer's flashlight. *Id.* at 30–31. The panel affirmed the judgment, stating:

> The drugs were found in plain view on the passenger seat in a car where appellant was the driver and the sole occupant, and appellant fled from the police. The trial

---

[4] In Virginia, the prosecution can prove possession of a controlled substance by showing either actual or constructive possession. *Barlow v. Commonwealth*, 494 S.E.2d 901, 904 (Va. Ct. App. 1998). To establish constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." *Drew v. Commonwealth*, 338 S.E.2d 844, 845 (Va. 1986) (internal citations omitted).

> court was free to infer consciousness of guilt based on appellant's flight. Accordingly, the trial court's decision to reject appellant's hypothesis of innocence is not plainly wrong and this Court will not disturb it.

*Id.* at 157.

Next, Parker appealed to the Supreme Court of Virginia, asserting that "in this circumstantial case, it was just as likely that [he] had just innocently borrowed the car with the drugs already in place on the passenger seat, failed to see them in the darkness, and then ran from police to avoid arrest on the outstanding warrant." SCV R. at 23–24. The court summarily refused his petition for appeal.[5] *Id.* at 27.

To prevail on his sufficiency of the evidence claim, Parker must demonstrate that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Parker does not assert that the state court decision was based on an unreasonable determination of the facts; instead, he focuses his argument on an alleged unreasonable application of the law to those facts and the inferences drawn from those facts.

Guided by the standard established in *Jackson*, the Court has reviewed the record, including the trial transcript, to assess the reasonableness of the state court decision.[6] The evidence presented at trial regarding Parker's constructive possession of the drugs showed: (1) when a patrol car pulled up behind Parker's car at a red light, Parker ran the red light, making a left turn, VCA R. at 72; (2) once the patrol car pursued Parker with sirens activated, Parker ran a second red light making another left turn, and eventually ran over a curb, almost striking a building, before fleeing

---

[5] The Court will "look through" the Supreme Court of Virginia's summary refusal to hear an appeal, and evaluate the reasoned decision of the Court of Appeals of Virginia for "objective reasonableness." *Grueninger v. Dir., Va. Dep't of Corr.*, 813 F.3d 517, 525 (4th Cir. 2016).

[6] To the extent Parker's petition can be construed to argue the state court unreasonably determined the facts, the claim is rejected because the facts are largely undisputed and the issue concerns the application of the facts, and any inferences therefrom, to the elements of the offense.

8

the vehicle on foot, *id.* at 72–73; (3) an officer responding to a call about Parker, located Parker's abandoned vehicle with the driver's side door open, *id.* at 83–84; and, (4) shining his flashlight in the car, the officer observed a partially closed plastic bag on the passenger seat, and through the opening he was able to see "a bag of what [he] suspected to be marijuana and a bag of a white powdery substance," *id.* at 84. As required, the state court resolved conflicting inferences in favor of the prosecution. *Jackson*, 443 U.S. at 326. The state court did not unreasonably apply *Jackson* in determining a rational trier of fact could find this evidence sufficient to show Parker constructively possessed the drugs. Accordingly, Parker is not entitled to habeas relief on his due process claim of insufficient evidence.

## III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 14, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the

Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 18, 2021

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

>Teddy Leon Parker, #1087440
>Indian Creek Correctional Center
>P.O. Box 16481
>Chesapeake, VA 23328-6481

Fernando Galindo, Clerk

By  /s/ J. L. Meyers
    Deputy Clerk

November  18 , 2021